### DEUTSCH et al. v. ARNOLD et al.
### No. 8317.

District Court, E. D. New York.
Jan. 27, 1938.

Morton A. Roth, of New York City (Max Chertok, of New York City, of counsel), for plaintiffs.

Shon & Chachkes, of Yonkers, N. Y. (Edward S. Higgins, of New York City, of counsel), for defendants.

ABRUZZO, District Judge.

This action was instituted by the plaintiffs for an injunction restraining the defendants from infringing upon the copyright of the plaintiffs.

Plaintiffs vended, distributed, and offered for sale character analysis charts, "Exhibit 7. This exhibit indicates that anyone can analyse handwriting and deduce characteristics of personality and other characteristic traits.

The plaintiffs published and copyrighted their chart on or about October 7, 1932, with notice of copyrighting as required by law.

The defendants' chart is undoubtedly to all intents and purposes a copy of the plaintiffs' chart. In principle, they are very much alike. If the plaintiffs' chart was a proper subject for copyrighting, defendants' chart would infringe.

Defendant Arnold had been employed by the plaintiffs and undoubtedly worked out a chart as a result of the knowledge she obtained while in the employ of the plaintiffs.

The testimony of the plaintiffs indicates that this chart was worked out from various books on handwriting. These books were printed and published long before 1932. Plaintiffs undoubtedly studied other graphologists' charts and with this knowledge in hand they proceeded to evolve, publish, and sell their particular chart.

Nothing new was developed by the plaintiffs. The attempt to read handwriting has been going on for many, many years. A great number of books have been written on the subject, and magazines and daily papers have time and again printed articles with respect to same, using a specimen of a person's handwriting as a sample.

Plaintiffs concede that the reading of handwriting is not new or original and make no claim as to the scientific value of their work. They contend that their chart is new, novel, and original in the manner in which the matter is set forth upon the chart. Plaintiffs' contention is untenable. Handwriting has been analyzed for a long time before plaintiffs made their chart.

Plaintiffs' chart is merely their own manner of evolving a form and placing on a chart that which has existed for many years. It is a fundamental principle that any work to be copyrightable must be original, in that the author has created something by his own skill, labor, and judgment without directly copying or evasively imitating the work of another. Hoffman v. Le Traunik; D.C., 209 F. 375, at page 379.

The plaintiffs' complaint is therefore dismissed.